NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 25-1225

———————

UNITED STATES OF AMERICA

v.

JULIO OTERO,
                                 Appellant

———————

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 3:96-cr-00005-003)
District Judge: Honorable Julia K. Munley

———————

Submitted under Third Circuit LAR 34.1(a)
on November 4, 2025

Before: KRAUSE, PHIPPS, and ROTH, <u>Circuit Judges</u>

(Opinion filed: April 23, 2026)

———————

OPINION[*]

———————

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

ROTH, Circuit Judge

Julio Otero, a federal prisoner currently serving a life sentence pursuant to a guilty plea agreement, appeals the District Court's denial of his motion for compassionate release. Because the District Court did not abuse its discretion when denying his motion, we will affirm.

**I.**

During the mid-1990s, Otero led an organization responsible for the distribution of heroin in and around Harrisburg, Pennsylvania. After he was arrested in 1996, Otero was charged in a sixteen-count superseding indictment, which included charges for drug distribution and possession, illegal firearm violations, and continuing criminal enterprise. The superseding indictment also charged Otero for his roles in two gruesome murders: one of a Dauphin County Drug Task Force informant who was shot five times in a manner indicative of an execution-style killing, and the other of a 17-year-old who was robbed, stabbed, and eventually had his throat slit due to a dispute over a drug debt.

After receiving approval from the Department of Justice, the government filed two notices of its intention to seek the death penalty against Otero—one for each homicide victim. Rather than proceed to trial, Otero signed a written plea agreement under which he would plead guilty to a single continuing criminal enterprise charge and serve a life sentence of imprisonment. In exchange, the government dismissed the other fifteen charges and withdrew the notices of its intention to seek the death penalty. On May 27, 1998, the District Court formally sentenced Otero pursuant to the plea agreement and he began his life sentence.

In August 2020, Otero filed his first motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), in which he moved for a reduced sentence in light of the COVID-19 pandemic and various health and family concerns. The District Court denied Otero's request, finding that he had not demonstrated extraordinary and compelling circumstances justifying compassionate release, and that the factors set forth in 18 U.S.C. § 3553(a) weighed against a reduction of his sentence.

In July 2024, Otero filed a second compassionate release motion, in which he cited substantially similar reasons as those asserted in his first motion, but added an argument that his life sentence was unusually long compared to modern sentencing practices. The District Court again denied Otero's motion, finding that his sentence was not unusually long because, by pleading guilty, his negotiated sentence avoided a potential death sentence. The District Court also held that the Section 3553(a) factors still weighed against a reduction in sentence. Otero now appeals the denial of his second compassionate release motion.

## II.[1]

We review the District Court's order denying a motion for compassionate release for abuse of discretion.[2] We will not disturb the District Court's decision unless the court "committed a clear error of judgment."[3]

---

[1] We have jurisdiction under 28 U.S.C. § 1291.
[2] *United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021).
[3] *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020) (quoting *Oddi v. Ford Motor Co.*, 234 F.3d 136, 146 (3d Cir. 2000)).

A district court may reduce a sentence under 18 U.S.C. § 3582(c)(1)(A) if it finds that (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is consistent with the United States Sentencing Commission's policy statements and the sentencing factors set forth in Section 3553(a).[4] These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant;"[5] as well as the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" and "to protect the public from further crimes of the defendant[.]"[6]

Otero argues that the District Court failed to adequately consider the arguments supporting his compassionate release motion. We disagree. The District Court's responsibility is to "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority."[7] The amount of explanation required depends "upon the circumstances of the particular case," and "[i]n some cases, it may be sufficient for purposes of appellate review that the judge simply relied upon the record, while making clear that he or she has considered the parties' arguments and taken account of the § 3553(a) factors, among others."[8]

---

[4] *United States v. Rutherford*, 120 F.4th 360, 364 (3d Cir. 2024), *cert. granted*, 145 S. Ct. 2776 (2025) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).
[5] 18 U.S.C. § 3553(a)(1).
[6] *Id.* §§ 3553(a)(2)(A), (C).
[7] *Rita v. United States*, 551 U.S. 338, 356 (2007).
[8] *Chavez-Meza v. United States*, 585 U.S. 109, 116 (2018).

For the purposes of our appellate review, we are satisfied that the District Court sufficiently considered Otero's arguments made in support of his compassionate release motion. Despite Otero's contention that he is entitled to a more reasoned and individualized explanation for denying his motion, our Circuit does not require judges to respond to every argument to a defendant's satisfaction. While admittedly brief, the District Court's order explicitly recognizes Otero's rehabilitation and self-improvement efforts, yet notes that the rehabilitation does not warrant a sentence reduction when considered amongst all the Section 3553(a) factors. Such explanation is sufficient for the circumstances of this particular case.

Otero also argues that the District Court misapplied United States Sentencing Guidelines § 1B1.13(b)(6) when it found that Otero's sentence was not unusually long. Section 1B1.13(b)(6) provides that an unusually long sentence may justify finding an "extraordinary and compelling reason" for compassionate release when "a change in the law . . . would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances."[9]

Otero contends that his life sentence for a single continuing criminal enterprise charge is unusually long under modern sentencing practices. According to Otero, a defendant considering a similar plea agreement today would be far less likely to agree to a life sentence because the guidelines sentencing range is advisory instead of mandatory, and

---

[9] USSG § 1B1.13(b)(6).

because life sentences and death penalty sentences are "exceedingly rare" in the federal criminal justice system.[10]  But the single charge for which Otero was sentenced was a consequence of his plea agreement, not a predicate.  Had Otero gone to trial, he would have faced sixteen charges, including four charges relating to drug distribution, four charges relating to the death of a law enforcement informant, two charges relating to the use of a firearm while committing another crime, and two other charges for continuing criminal enterprise, with one charge relating to the death of a teenager, in addition to the charge for which he pleaded guilty.  By pleading guilty only to a continuing criminal enterprise charge, Otero avoided a trial on fifteen other charges, as well as a potential death penalty sentence if convicted.  We see no error of judgment by the District Court finding that Otero's sentence was not unusually long.[11]

\* \* \*

For these reasons, we will affirm the District Court's order.

---

[10] Appellant Br. 21.

[11] Regardless, and as the District Court correctly stated, even if Otero had demonstrated extraordinary and compelling reasons by reason of an unusually long sentence, the Section 3553(a) factors strongly weighed against a sentence reduction.